UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

-against-

S3 11 Crim. 0059 (LAK)

SAIKOU DIALLO,

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

      Saikou Diallo was convicted by a jury of two counts of conspiracy to distribute and possession with intent to distribute controlled substances and one substantive firearms count in relation to a drug trafficking crime and is awaiting sentencing. He moves, pursuant to Fed. R. Crim. P. 33, for a new trial

      1.     He first argues that the Court erred in denying his motion to strike foundational testimony relating to a firearm on the theory that the Court's upholding of the objection to the receipt in evidence of the firearm itself necessarily required exclusion of all testimony relating to a gun. He relies on *McGinnis v. United States,* 277 F.2d 598 (1st Cir. 1955).

      In *McGinnis,* the First Circuit held that an unconstitutional search required the exclusion not only of the evidence wrongfully seized, but also "the introduction of testimony concerning objects illegally observed." *Id.* at 603. But this is an entirely different case.

      Here there was no unconstitutional search or seizure or, for that matter, any such contention. The fact that the government was unable to introduce the firearm itself because it proved unable to establish the chain of custody of the particular gun offered in evidence had no logical relation to whether testimony about defendant's connection to a gun was appropriate.

      2.     During the direct testimony of Omar Delvillar, the government elicited, without objection, testimony that the defendant, Delvillar and another hatched a plan to buy cocaine from a taxi driver and then to rob him of his drugs while threatening him with a gun. (Tr. 283-84) After the testimony had come in, defendant's counsel sought a side bar during which he noted that the government had not made an application to adduce such evidence under Rule 404(b) and therefore moved to strike the testimony. (Tr. 285) The Court ruled that the evidence was proof of the charged conspiracy in that it reflected procurement of cocaine for the purpose of cooking it into crack for later sale, denied the motion to strike, and upon request instructed the jury that the evidence had been

received on the theory that the government contended that it was proof tending to establish a crime charged in the indictment, that it was up to the jury to decide whether the incident ever happened and if so whether it evidenced a means of getting drugs in furtherance of the charged conspiracies, and that the jury was "not in any way to consider the alleged use of the counterfeit money or the alleged plan or actuality of robbing a cab driver as a basis for convicting the defendant of anything," adding "[h]e's not on trial here for that. That's got nothing to do with the charges except in this indirect way, that it was a way of getting drugs, allegedly." (*Id.* at 288-89)

There are several problems with the defendant's argument that this testimony should not have been received or should have been stricken.

First, the line of examination that culminated with the account of the robbery of the cab driver began with the question whether Delvillar "ever rob[bed] or attempt[ed] to rob other drug dealers." (*Id.* at 283) He then was asked with whom he had done so, implicated the defendant in his response, and then told the whole story – all without objection from the defendant. (*Id.*) Any objection therefore was waived, and there was no plain error.

Second, it was well within the trial court's discretion to conclude that the alleged robbery was some evidence tending to establish a charged conspiracy rather than "other crimes" evidence. Moreover, it instructed the jury that it was to consider the evidence only on that basis.

Third, even if this had been "other crimes" evidence, the government would have been obliged to give advance notice of its intention to use it only "upon request of the accused." Fed. R. Evid. 404(b). Defendant did not claim at trial that he had made any such request, and he points to no such request now. It is not the government's burden to disclose in the absence of such a request.

Finally, defendant's suggestion that the evidence should have been excluded under Rule 403 as unduly confusing comes far too late and in any case is unpersuasive. No Rule 403 objection was made at trial either before the evidence came in or in support of the belated motion to strike. In any case, any risk of confusion was eliminated by the limiting instruction that the Court gave at defendant's request.

3. The Court has considered defendant's other arguments and found them to lack merit, essentially for the reasons set forth in the government's memorandum.

SO ORDERED.

Dated: November 3, 2011

_____
Lewis A. Kaplan
United States District Judge